[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 2, 2011
JOHN LEY
CLERK

No. 11-11734
Non-Argument Calendar
_____

D.C. Docket No. 1:00-cr-00199-FAM-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFREY SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 2, 2011)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

In *United States v. Mosley*, 103 F. App'x 665 (11th Cir. 2004), *aff'd on*

*remand,* 143 F. App'x 297 (11th Cir. 2005), we affirmed Jeffrey Smith's convictions with carjacking resulting in death and use of a firearm in connection with that crime. On February 7, 2011, Smith, proceeding *pro se*, moved the district court pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) for disclosure of all grand jury transcripts relevant to his indictment for those offenses. He argued that such disclosure was necessary because of the lack of direct evidence linking him to the carjacking or death. The court denied his motion, and he appeals.

On appeal, Smith argues that the district court abused its discretion in denying his motion to compel disclosure because he demonstrated a "particularized need" for the grand jury transcripts. He asserts that the transcripts may show that a Government witness or codefendant admitted to the murder that took place in the carjacking.

We review a district court's denial of a motion to disclose grand jury materials for abuse of discretion. *See United States v. Aisenberg*, 358 F.3d 1327, 1338 (11th Cir. 2004) (reviewing the grant of disclosure of grand jury transcripts for abuse of discretion). *Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will be liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

2

Generally, the policy of the law is to keep grand jury proceedings secret. *Aisenberg*, 358 F.3d at 1346-47. Rule 6(e) of the Federal Rules of Criminal Procedure codifies the expectation of secrecy for grand jury proceedings, except in limited circumstances. *See* Fed.R.Crim.P. 6(e). In pertinent part, a district court has express authority, pursuant to Rule 6(e), to authorize the disclosure of grand jury matters: (i) if such disclosure is "preliminarily to or in connection with a judicial proceeding;" or (ii) "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed.R.Crim.P. 6(e)(3)(E)(i), (ii).[1] For a request to be "preliminary to" a judicial proceeding, the Supreme Court has held that this exception:

> contemplates only uses related fairly directly to some identifiable litigation, pending or anticipated. Thus, it is not enough to show that some litigation may emerge from the matter in which the material is to be used, or even that litigation is factually likely to emerge. The focus is on the *actual use* to be made of the material. If the primary purpose of disclosure is not to assist in preparation or conduct of a judicial proceeding, disclosure [ ] is not permitted.

*United States v. Baggot*, 463 U.S. 476, 480, 103 S.Ct. 3164, 3167, 77 L.E.2d 785 (1983). For a request to be "in connection with" a judicial proceeding, a proceeding must already be pending. *Id*. at 479, 103 S.Ct. at 3166.

---

[1] Sub-sections (iii)-(v) of Rule 6(e)(3)(E) also provide authority for a district court to disclose grand jury matters, but these sub-sections refer only to disclosure made at the request of the government, and thus, are not pertinent here. *See* Fed.R.Crim.P. 6(e)(3)(E)(iii)-(v).

In addition, any party seeking grand jury matters under Rule 6(e) must show that: (1) the material sought is needed to avoid possible injustice in another judicial proceeding; (2) the need for disclosure is greater than the need for continued secrecy; and (3) the request is structured to embrace only necessary material. *Douglas Oil Co. of Cal. v. Petrol Stops Northwest*, 441 U.S. 211, 222, 99 S.Ct. 1667, 1674, 60 L.E.2d 156 (1979); *Aisenberg*, 358 F.3d at 1348. This court has held that general allegations are insufficient, and that a party seeking grand jury matters must instead show a "particularized need" for the material. *United States v. Burke*, 856 F.2d 1492, 1496 (11th Cir. 1988).

We have also recognized that "district courts have inherent power beyond the literal wording of Rule 6(e)(3) to disclose grand jury material," but noted that such inherent authority is "exceedingly narrow and exists only in exceptional circumstances." *Aisenberg*, 358 F.3d at 1347.

Here, Smith's request for disclosure was not made in connection with a pending judicial proceeding, nor does Smith identify any actual use of the transcripts to support litigation he may commence. Therefore, his motion does not satisfy the first exception contained in Rule 6(e). *See* Fed.R.Crim.P. 6(e)(3)(E)(i); *Baggot*, 463 U.S. at 479-80, 103 S.Ct. at 3166-67.

Additionally, even if we assume that Smith had met the basic requirements of Rule 6(e)(3)(E), he has failed to show a "particularized need" for the requested transcripts. *See Burke*, 856 F.2d at 1496. Here, he has provided nothing more than unsubstantiated claims and bare allegations to support his request. Moreover, even if the grand jury transcripts contained testimony of a witness or codefendant admitting to a murder, this would not avoid "a possible injustice" as to Smith because his convictions were for carjacking with intent to cause death and serious bodily harm, and for using a firearm during a crime of violence, not for murder. *See Douglas Oil*, 441 U.S. at 222, 99 S.Ct. at 1674.

AFFIRMED.